UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

In the Matter of the Extradition of )
) Misc. No. [##-###] 21-mj-4149
Riccardo Paolo Spagni a/k/a Ricardo Paolo Spagni )

COMPLAINT FOR PROVISIONAL ARREST
WITH A VIEW TOWARDS EXTRADITION
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to the Republic of South Africa ("South Africa").

2. There is an extradition treaty in force between the United States and South Africa. *See* Extradition Treaty Between the Government of the United States of America and the Government of the Republic of South Africa, U.S.-S. Afr., Sept. 16, 1999, S. TREATY DOC. NO. 106-24 (2000) (the "Treaty").

3. The Treaty provides in Article 13 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 13 of the Treaty, the Government of South Africa has asked the United States for the provisional arrest of Riccardo Paolo SPAGNI a/k/a Ricardo Paolo Spagni ("SPAGNI" or the "fugitive") with a view toward his extradition.

5. According to the information provided by the Government of South Africa, SPAGNI committed fraud, in violation of South African common law.

6. This offense was committed within the jurisdiction of South Africa. On April 19, 2021,

the Magistrate Court of the District of Cape Town, South Africa, issued a warrant for SPAGNI's arrest.

7. The warrant issued on the basis of the following facts:

SPAGNI was employed by Cape Cookies CC ("Cape Cookies") from October 1, 2009, to June 8, 2011 as its Information Technology Manager (IT Manager). SPAGNI's employment with Cape Cookies terminated by mutual agreement.

As an employee of Cape Cookies, SPAGNI intercepted invoices from another company, Ensync, relating to information technology goods and services it had supplied Cape Cookies. SPAGNI knowingly used false information to fabricate similar invoices purporting to be from Ensync, relying on details including this company's Value Added Tax (VAT) number and bank account information. SPAGNI then inflated the prices for the goods and/or services.

SPAGNI knowingly submitted the falsified invoices to Cape Cookies' finance department and fraudulently represented that they were true and proper records, expecting that the amount listed as due would be paid to the supplier reflected, and into the bank account detailed, on the invoice.

Cape Cookies paid each invoice by means of electronic transfer of funds into the bank account details reflected on the false invoice submitted by SPAGNI.

The investigation revealed that the invoices did not contain the true bank account of Ensync but, rather, a bank account opened and controlled by SPAGNI. The investigation further revealed that Ensync's actual invoices for the goods and services supplied, at a lesser amount, had already been paid subsequent to the payment Cape Cookies made for SPAGNI's forged invoices.

SPAGNI also generated false invoices purporting to be from three different suppliers of

information technology goods and services. The investigation revealed that these were fictitious entities, finding that no such company names, registration numbers, addresses, or VAT numbers existed. The bank account numbers provided with these false invoices were under the name and control of SPAGNI. SPAGNI submitted these fabricated invoices to Cape Cookies as true and proper documents. In relying on SPAGNI's misrepresentations, Cape Cookies paid each invoice by means of electronic funds transfer into bank accounts SPAGNI controlled.

The evidence indicating that SPAGNI engaged in these frauds consists of witness statements and bank records. This evidence indicates that SPAGNI received 1,453,561.47 South African Rand, or roughly $99,185, as a result of his efforts to defraud Cape Cookies.

SPAGNI was charged in the Western Cape Regional Court, Cape Town for fraud and other charges arising out of these facts. He pleaded not guilty to the charges, and the trial against him was commenced. Evidence was presented against him, but SPAGNI failed to appear in court. South African authorities attempted to locate SPAGNI at his home address and through contacts with his friends and family, but to no avail. Further investigation revealed that SPAGNI had fled South Africa. The trial court issued a warrant for his arrest on April 19, 2021.

8. Article 2 of the Treaty covers the offense of which SPAGNI is accused.

9. SPAGNI may be found within the jurisdiction of this Court on today's date.

10. The Government of South Africa has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

11. SPAGNI would be likely to flee if he learned of the existence of a warrant for his arrest.

WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed

person be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and South Africa, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Joseph P. Montminy
Assistant United States Attorney

Sworn to before me and subscribed ~~telephonically~~ in person this ~~20th~~ 21st day of July, 2021, at 11:02 am.

Alistair Newbern
United States Magistrate Judge