

**Director of Public Prosecutions**
**Western Cape**

Ref No: **10/2/8 – 7/21**
Enquiries: Ms J Pienaar

**CAPE TOWN**
Regional Office

Tel: +27 21 487 7000
Fax: +27 21 487 7167

NPA Building
115 Buitengracht
Street
Cape Town
8000

P/Bag 9003
Cape Town
8000
South Africa

www.npa.gov.za

U.S. Department of Justice
Criminal Division, Office of International Affairs
1301 New York Avenue NW
Washington, DC 20530

For attention: T Burroughs / A Weiner

Dear Sir

**DETENTION OF FUGITIVE RICCARDO SPAGNI**
**[MAITLAND CAS 328/08/2021]**

Your correspondence with case reference 3:21-mj-4149 dated 1 August 2021 sent by electronic mail refers.

A. **INTRODUCTION**

1. I provide this letter in support of the request that the Court detain fugitive Riccardo Spagni a/k/a Ricardo Spagni, and in response to certain assertions in Spagni's bail motion.

2. The complainant in the matter is Cape Cookies CC ("Cape Cookies"). Cape Cookies is a Close Corporation registered in terms of the Close Corporation Act, Act 69 of 1984 of the Republic of South Africa (RSA). Cape Cookies operates a biscuit manufacturing and marketing business from their business address in Maitland, Cape Town within the RSA.

Justice in our society, so that people can live in freedom and security
Case 3:21-mj-04149   Document 13-1   Filed 08/04/21   Page 1 of 8 PageID #: 142
Page 1 of 8

3   Spagni was employed by Cape Cookies as the Information Technology Manager (IT Manager) of the business, for the approximate period 1 October 2009 to 8 June 2011 at which time his employment relationship with Cape Cookies was terminated by mutual agreement.  Shortly after Spagni's departure from the business the crimes were discovered.

**B. PROCEDURAL HISTORY OF THE CASE PRIOR TO ENROLLMENT**

4   In November 2011 Cape Cookies laid a complaint with the South African Police Service (SAPS) and the SAPS registered an enquiry into the complaint received from the complainant.

5   Once the initial investigation was completed in August 2012, SAPS decided to register a criminal docket.

6   On 13 September 2012 Spagni was arrested and formally warned of the charges by the SAPS investigating officer.

7   The State Prosecutor did not enrol the matter at the time of Spagni's arrest by the SAPS in September 2012, as further investigation was required.

8   The SAPS have an investigative function and do not have the authority to make decisions on the merits or demerits of a complainant's complaint and SAPS can thus not determine to "*nolle prosequi" a matter*, only the National Prosecuting Authority (NPA) has such a discretion.

9   No decision *nolle prosequi* has ever been taken in respect of this matter. The case was, however, not enrolled in September 2012 by the State Prosecutor and was referred back to the SAPS due to the investigation being incomplete.

10  The SAPS investigation was completed in August 2017 and the NPA was then satisfied that there was a *prima facie* case against Spagni.

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

Case 3:21-mj-04149   Document 13-1   Filed 08/04/21   Page 2 of 8 PageID #: 143

Page 2 of 8

The SAPS investigating officer was instructed to trace Spagni. Initially Spagni could not be traced. On that basis and at the formal request of a prosecutor, a J50 warrant for his arrest was authorised by a magistrate. SAPS took steps to arrest Spagni but before they could do so, Spagni presented himself at court on 24 August 2017.

## C. ENROLMENT AND WARNED TO APPEAR IN COURT

11 Spagni appeared in Cape Town District Court on 24 August 2017 as a result of a summons that was served on him in person at Court 16 on 24 August 2017. The warrant was cancelled and filed in the docket.

12 At Spagni's first appearance on 24 August 2017 he was released on his own recognizance and warned to appear on the next date of appearance. Spagni was warned to return to the Court on the date stipulated by the Court and to remain present until his case is called.

## D. TRANSFERRED TO THE REGIONAL COURT FOR TRIAL

13 Spagni's matter was transferred from the District Court in Cape Town to the Regional Court in Cape Town due to fact that the District Courts in SA have limited jurisdiction and the offences with which Spagni was charged, attract heftier sentences.

14 It is to be noted that the statutory offence (of contravening the Value Added Tax Act) is preferred as an alternative charge to the main charge of common law fraud. This less serious statutory offence, not the offence of common law fraud, provides for a sentence of 60 months imprisonment.

15 Spagni appeared in Cape Town Regional Court for the first time on 30 October 2017. Spagni was released on his own recognizance and warned by the Court to return on a specified future date.

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

16 This was the process followed by the court until Spagni's non-appearance in the Cape Town Regional Court on 7 April 2020.

E. **STRONG PRIMA FACIE CASE**

17 Throughout Spagni's appearances in the Cape Town Regional Court, he was represented by an experienced criminal defence lawyer, Mr Keith Gess.

18 At no stage did Spagni or his legal representatives make representations to the State Prosecutor that the evidence against him is of such a poor quality that the decision to prosecute should be revisited.

19 There was also never any application to have the criminal proceedings permanently stayed as a result of undue delay or for lack of a *prima facie* case against Spagni.

20 The allegation that the prosecution would not be able to prove that Spagni was the holder of the four bank accounts into which Cape Cookies paid the monies due to the fact that the opening documents of these four accounts were destroyed in a fire, is not correct. In fact, ABSA bank has provided electronic records indicating that the fugitive was the account holder of these four accounts.

F. **TRIAL COMMENCED**

21 The trial commenced in the Regional Court on 22 August 2019 and Spagni pleaded not guilty to all counts and gave no plea explanation.

22 The trial continued on 11 and 12 September 2019 and on 20 and 22 November 2019, and evidence was presented to Court.[1]

---

[1] The matter was postponed for two days, from 20 November 2019 to 22 November 2019, and was not enrolled on 21.11.2019.

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

23 On 22 November 2019 Spagni was again released on his own recognizance and warned by the Court to appear on 7 April 2020 and to remain present until his case was called. Spagni was also informed by the Court that the matter would proceed on 8 April 2020 as well as 19 and 20 May 2020.

24 It is significant to note that it appears the petition for non-immigrant worker on behalf of Spagni was received in the United States on 28 September 2020 and reflects a notice date of 7 October 2020.[2] At the very same time in South Africa, Spagni was presenting medical certificates to the Regional Court, Cape Town, that he was unable to travel and that to do so would be life-threatening.

25 In other words, the application was being made for him to travel as non-immigrant worker to the United States of America, whilst trial days were lost on account of his not being able to travel from Plettenberg Bay to Cape Town (a distance of 520km), which commute would not entail crossing any international borders and which did not necessitate air travel.

26 At no stage was his decision to travel to the United States or to apply for permission to travel as non-immigrant worker or the need to expedite the criminal trial so as to potentially facilitate his freedom to relocate to the United States communicated to the trial Court or the prosecution.

27 The appearance on 22 November 2019 was the last time Spagni actually appeared in Court.

G. **ABSENCE AT COURT DUE TO COVID RISKS**

28 On 26 March 2020 South Africa was put on national lockdown in terms of the Disaster Management Act, Act 57 of 2002 as a result of the

---

[2] Document no. 6-3 filed by Spagni.

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

Case 3:21-mj-04149  Document 13-1  Filed 08/04/21  Page 5 of 8 PageID #: 146

Page 5 of 8

worldwide COVID pandemic. Spagni did not appear in Court on 7 April 2020.

29 In the absence of Spagni, Mr Gess, for Spagni made medical representations. In light of the medical representations and the prevailing COVID situation, it was agreed that the matter be enrolled on 30 June and that the trial would continue on 8 and 9 October 2020. Spagni's legal representative (Mr Gess) undertook to inform the accused of the date.

30 The matter was however placed on the court roll on 7 October 2020 at the request of the legal representative of Spagni. The Court was presented with further medical representations dated 29 September 2020, indicating that for medical reasons it was not in Spagni's best interest to travel to Cape Town for his court appearance in October.

31 The matter was postponed in the absence of Spagni to 4 November 2020 to enable Spagni to provide the Court with a physician's report on his condition and the prospects of Spagni travelling from Plettenberg Bay to Cape Town, which is just over 500 kilometres away, in the light of his COVID risks.

32 On 4 November 2020 the matter was enrolled and once again Spagni was not at Court. The prosecutor in Cape Town was furnished with documents indicating that Spagni could not travel and could not get an appointment with Dr Roos (Specialist Physician) to confirm the reasons.

33 It was then agreed between the parties that the matter be postponed to 24 and 25 March 2021 and 19 April 2021 for the continuation of the trial in the physical presence of the accused. When the dates were set, no arrangements had been made for the trial to continue on a virtual platform. The Regional Court, Cape Town, was neither equipped nor in the practice of conducting criminal trials and the requisite presentation of evidence by virtual means at that time. There had also been no

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

Case 3:21-mj-04149  Document 13-1  Filed 08/04/21  Page 6 of 8 PageID #: 147

Page 6 of 8

request on behalf of Spagni that the arrangements be made for the continuation of the trial by virtual means. Certainly, at no stage were either the Court or the prosecution alerted to the possibility that Spagni would be in the United States of America or anywhere other than Cape Town, South Africa, at that time. It should be noted that it is a requirement of South African Law that proceedings **must,** in the absence of exceptional circumstances, take place in the presence of the accused (emphasis added).

34 On the contrary, the legal representative of Spagni (Mr K Gess) informed the Court that Spagni would consult his doctor on what protocol he can put in place to ensure that he travels safely from Plettenberg Bay to Cape Town to attend the further trial proceedings.

35 It is astonishing that instead of putting such arrangements in place and notwithstanding his alleged medical circumstances, Spagni managed to leave South Africa on 21 March 2021.

## H. **FAILURE TO APPEAR IN COURT AND NOT TRACEABLE**

36 On 24 March 2021 Spagni failed to appear in court. Mr Gess told the Court that he had informed the accused about the court date telephonically. He also advised that he had no instructions regarding Spagni's whereabouts and that he was unable to reach Spagni, and that his phone was just ringing. The matter was postponed to enable SAPS to trace Spagni.

37 The SAPS were not able to trace Spagni despite attempting to reach him at his home address, contact number, and persons including a "Kim." The SAPS sergeant made an affidavit in this regard and requested the State Prosecutor to apply to the magistrate for a warrant of arrest.

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

Case 3:21-mj-04149   Document 13-1   Filed 08/04/21   Page 7 of 8 PageID #: 148

Page 7 of 8

38 On 19 April 2021 the court was informed that the SAPS could not trace Spagni and Mr Gess once again informed the court that he had no instructions regarding the whereabouts of the accused. He was allowed to withdraw as attorney of record. By this time, according to Spagni's own account, he had already reached the USA on 14 April 2021.

Yours faithfully

**ACTING DIRECTOR OF PUBLIC PROSECUTIONS: WESTERN CAPE**

Case 3:21-mj-04149 Document 13-1 Filed 08/04/21 Page 8 of 8 PageID #: 149

Guided by the Constitution, we in the National Prosecuting Authority ensure justice for the victims of crime by prosecuting without fear favour or prejudice and by working with our partners and the public to solve and prevent crime

Page 8 of 8