IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In the Matter of the Extradition of | ) | |
| | ) | |
| Riccardo Paolo Spagni a/k/a | ) | Case No. 3:21-mj-04149-1 |
| | ) | |
| Ricardo Paolo Spagni | ) | Magistrate Judge Alistair E. Newbern |

**DEFENDANT'S DISCOVERY MOTION**

Riccardo Paolo Spagni a/k/a Ricardo Paolo Spagni ("Spagni"), through counsel, moves the Court to order the Government to provide limited discovery which is relevant to the undersigned's ability to effectively counsel Spagni as to waiving extradition as well as to the findings this Court must make at any future extradition hearing. In its Memorandum of Extradition Law and Request for Detention Pending Extradition Proceedings, the Government claims that "a fugitive has no right to discovery." (Docket No. 3 at 11 citing *Prasoprat v. Benov*, 421 F.3d 1009, 1014 (9th Cir. 2005). However, even a cursory review of the authority cited by the Government makes clear that it is well within this Court's discretion to permit limited discovery.

Accordingly, for the reasons set out below, Spagni requests this Court to order the Government to provide South Africa's submission to the United States for provisional arrest pursuant to Article 13 of the Extradition Treaty Between the Government of the United States of America and the Government of the Republic of South Africa, U.S. – S. Afr., Sept. 16, 1999, S. TREATY DOC. NO. 106-24 ("the Treaty") and 18 U.S.C. § 3187 (Provisional arrest and detention within extraterritorial jurisdiction).

**I.     Procedural History and Relevant Authority**

On July 21, 2021, the United States Attorney's Office for the Middle District of Tennessee filed a Complaint for Provisional Arrest with a View Towards Extradition pursuant to 18 U.S.C.

§ 3184. (Docket No. 1). The Complaint alleges that according to the information provided by the Government of South Africa, Spagni committed fraud and that on April 19, 2021 the Magistrate Court of the District of Cape Town, South Africa, issued a warrant for Spagni's arrest. *Id*. The Complaint goes on to allege that the warrant issued "*on the basis of*" the facts as set out in a 2017 criminal complaint against Spagni and that those allegations fall within Article 2 of the Treaty. *Id* (emphasis added).

Article 13 of the Treaty requires an application for provisional arrest to contain the following information:

(a) a description of the person sought;

(b) the location of the person sought, if known;

(c) a description of the offence(s);

(d) a concise statement of the acts or omissions alleged to constitute the offence(s);

(e) a description of the punishment that can be imposed or has been imposed of the offence(s);

(f) a statement that a document referred to in Article 9(3)(a) or Article 9(4)(a), as the case may be, exists; and

(g) a statement that the documents supporting the extradition request for the person sought will follow within the time specified in this Treaty.

Moreover, South Africa's request for provisional arrest and detention must be "accompanied by an express statement that a warrant for the fugitive's arrest has been issued …charging the fugitive with the commission of the crime for which his extradition is sought to be obtained." 18 U.S.C. § 3187.

Article 2 of the Treaty, in turn, generally limits extraditable offences to those punishable by deprivation of liberty for a period of at least one year.

2

Case 3:21-mj-04149  Document 22  Filed 09/20/21  Page 2 of 7 PageID #: 347

Section 170 of the South African Criminal Procedure Act (Failure of accused to appear after adjournment or to remain in attendance) states that "an accused at criminal proceedings who is not in custody and who has been released on bail, and who fails to appear at the place and on the date and at the time to which such proceedings may be adjourned …shall be liable to the punishment proscribed under section (2)…imprisonment for a period not exceeding three months." Sec. 170, South African Criminal Procedure Act (Act 51 of 1977).

Finally, in the absence of a waiver by Spagni, the Court must ultimately determine if "(1) the judicial officer is authorized to conduct the extradition proceeding; (2) the Court has jurisdiction over the fugitive; (3) the applicable extradition treaty is in full force and effect; (4) the treaty covers the offenses for which extradition is requested; and (5) probable cause exists as to each offense for which extradition is requested. (Docket No. 3 citing *In re Extradition of Martinelli Berrocal*, No. 17-cv-22197, 2017 WL 3776953, at *10 (S.D. Fla. Aug. 31, 2017)).

## II. <u>Discovery in Extradition Proceedings</u>

The Government would have the Court believe that there is no discovery available in extradition proceedings. (Docket No. 1). In fact, however, even the authority relied upon by the Government explicitly acknowledges a magistrate's discretion to allow for discovery in the extradition context. ("[d]iscovery in an international extradition hearing is limited and lies within the discretion of the magistrate.") *Prasoprat,* 421 F.3d at 1014 citing *United States v. Kraiselburd* (*In re Extradition of Kraiselburd*), 786 F.2d 1395, 1399 (9th Cir. 1986))

Although there is no explicit statutory basis for ordering discovery in extradition hearings, *see Merino v. United States Marshal,* 326 F.2d 5, 12–13 (9th Cir.1963), the extradition magistrate has the right, under the court's "inherent power," *see First National City Bank of New York v. Aristeguieta,* 287 F.2d 219, 226 (2d Cir.1960), *vacated as moot,* 375 U.S. 49 (1963), to order such

discovery procedures "as law and justice require," *Jhirad v. Ferrandina,* 536 F.2d 478, 484 (2d Cir. 1976).

In exercising discretion, the magistrate should consider both "the well-established rule that extradition proceedings are not to be converted into a dress rehearsal trial," *id.,* and whether the resolution of the contested issue would be appreciably advanced by the requested discovery, *id.* Although the accused is not entitled to introduce evidence that goes to his defense, "he may offer limited evidence to explain elements in the case against him". *Jimenez v. Aristeguieta,* 311 F.2d 547, 556 (5th Cir.1962).

### III. <u>Argument</u>

After serving sixty-one days in solitary confinement, Spagni is now out of custody because South Africa failed to make a timely submission in support of its extradition request. Spagni now seeks information already in the possession of the Government, namely South Africa's submission for provisional arrest, to make an informed decision about waiving extradition while out of custody and to determine if South Africa's provisional arrest request cites to an arrest warrant within the treaty as required by 18 U.S.C. § 3187.

All parties in this case desire for Spagni to return to South Africa and address the decade-old allegation that he defrauded his former employer, Cape Cookies. The dispute, to the extent one exists, is over the form of his return. In other words, Spagni wants to return to South Africa as quickly as possible but in a manner most likely to allow him to await the resolution of the Cape Cookies charges out of custody.[1]

---

[1] While solitary confinement in the Daviess County Jail was incredibly difficult for Spagni, it is beyond dispute that any period of pre-trial confinement in South Africa would be exponentially worse and nothing short of life-threatening.

Hence, Spagni is in discussions with U.S. and South African authorities to obtain permission to return to South Africa voluntarily while he is out of custody. Alternatively, if Spagni is going to waive extradition, he would like to do so while he is out of custody because that scenario would also bolster his argument to the South African court that he is not a flight risk.

Presently however, Spagni cannot make an informed decision about waiver because he has not been given access to any documentation or representations that South Africa has provided or made to the Government. In essence, a waiver under these circumstances would be akin to asking Spagni to fly blind. Justice requires more than this and, accordingly, for this reason alone, the Court should exercise its discretion to order the Government to provide South Africa's submission for provisional arrest. *Jhirad,* 536 F.2d at 484.

At the same time, there is a very real possibility that South Africa's submission is fatally flawed in so much as it is premised on an arrest warrant that does not fall within the treaty – a determination the Court must make in the event the parties' cannot reach an agreement on Spagni's voluntary return or waiver. *See e.g. In re Extradition of Martinelli Berrocal*, No. 17-cv-22197, 2017 WL 3776953, at *10 (S.D. Fla. Aug. 31, 2017). The Government has never explicitly said there is an arrest warrant for the Cape Cookies allegations. Rather, they have said a warrant issued "*on the basis of*" the facts as set out in a 2017 criminal complaint against Spagni. (Docket No. 1). In fact, based on the information that is available, all indicators are that the arrest warrant issued in South Africa was premised on Spagni's failure to appear for a court hearing on April 21, 2021. As noted above, the South African Criminal Code provides for a maximum punishment of three months for a failure to appear. As such, the only pending arrest warrant for Mr. Spagni would be well outside of the extraditable offences as set out in Article Two of the Treaty.

The requested discovery is limited, is already within the possession of the Government, is relevant to determinations this Court must make in the event of an extradition hearing and furthers the interests of justice in so much as its provision may obviate the need for a hearing and give all parties what that want – Spagni's expeditious return to South Africa.

## IV. Conclusion

For the aforementioned reasons, South Africa's submission to the United States for provisional arrest of Spagni is both essential to counsel's ability to advise Spagni with respect to waiving his right to contest extradition and relevant to the determinations this Court must make at an extradition hearing, most notably, the applicability of the Treaty to the South African arrest warrant. Accordingly, Spagni respectfully requests that the Court order the Government to provide South Africa's submission.

**Respectfully submitted,**

 */s/ Henry C. Leventis*
Henry C. Leventis (BPR 038306)
Jonathan P. Farmer (BPR 020749)
511 Union St, Suite 1000
Nashville, TN 37219
(P) 615-238-6300
hleventis@bonelaw.com
jfarmer@bonelaw.com

 */s/ Brian E. Klein*
Brian E. Klein
Melissa A. Meister
WAYMAKER LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, CA 90017
(P) 424-652-7800
bklein@waymakerlaw.com
mmeister@waymakerlaw.com
*Admitted Pro Hac Vice*

*Counsel for Riccardo Spagni*

## CERTIFICATE OF SERVICE

       I hereby certify that on September 20 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to all attorneys of record.

                                      */s/ Henry C. Leventis*
                                      Henry C. Leventis