**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **In the Matter of the Extradition of** | **)** | |
| | **)** | |
| **Riccardo Paolo Spagni a/k/a** | **)** | **Case No. 3:21-mj-04149-1** |
| | **)** | |
| **Ricardo Paolo Spagni** | **)** | **Magistrate Judge Alistair E. Newbern** |

**MOTION TO STRIKE GOVERNMENT FILING (DOCKET ENTRY 49)**

Riccardo Spagni moves this Court for an order striking the Government's May 6, 2022 supplemental submission, which was filed without leave of the Court, from the record of this matter. (*See* DE 49.) Despite receiving the submitted materials on April 1, 2022, the Government did not disclose them to defense or file them with the Court until after Mr. Spagni submitted his sur-reply on May 5, 2022, which itself was a response to belated Government argument and evidence. (*See* DE 47.) The Government's supplemental filing violates Due Process protections and the Court's scheduling order. The Court should strike the submission and not permit the Government to make any other belated submissions (whether in the form of purported new evidence or argument) before or during the upcoming extradition hearing scheduled for May 25, 2022. (*See* DE 50.)

**<u>Procedural History</u>**

Mr. Spagni was arrested pursuant to a provisional arrest warrant on July 21, 2021. (DE 1-3). His request for bail and/or pretrial release was opposed by the Government and ultimately denied. (DE 17). As such, he was detained for 60 days under the terms of the applicable treaty to allow South African sufficient time to submit through diplomatic channels a valid extradition request. South Africa failed to make a timely submission and Mr. Spagni was released with conditions on September 20, 2021. (DE 24).

On September 21, 2021, the South African government submitted its extradition materials for Mr. Spagni through diplomatic channels. (DE 49). In its extradition package, South Africa submitted an April 2021 arrest warrant, which alleged a single "charge of FRAUD" committed "on or about the 27th day of August year 2012." (DE 29, 31) [the "Original Warrant"]. The day before South Africa submitted its extradition materials through diplomatic channels, September 20, 2021, South African prosecutors sought a "warrant in amplification" of the Original Warrant, which changed the single offense of "FRAUD" committed on or about August 27, 2012, to the offenses of fraud (or, alternatively, Value Added Tax Act violations), forgery, and uttering, committed on or about and between November 2009 to May 2011. (DE 40-1 at 5-6 [the "Improved Warrant"].) On September 21, 2021, a South African magistrate issued the Improved Warrant. (*Id.*)

However, the Government did not have to file its memorandum in support of extradition—including all supporting extradition materials from South Africa—in this matter until January 31, 2022, more than four months *after* the Improved Warrant was obtained. (DE 31.) Making matters worse, the Government's memorandum contained no evidence of—or even reference to—the Improved Warrant. (*See id.*) Rather, the entire extradition package is premised on the Original Warrant.

On February 25, 2022, Mr. Spagni timely responded to the Government's memorandum, raising multiple arguments, including the invalidity of the Original Warrant. (DE 31.) The existence of the Improved Warrant buttresses his argument that the Original Warrant is facially invalid and references crimes and dates unrelated to the rest of the extradition package. Yet, it was not until March 11, 2022, six months *after* submission of the extradition package and the Improved Warrant and after Mr. Spagni had filed his opposition, that the Government first submitted

evidence of the Improved Warrant in its reply to his opposition, as well as an uncertified (and self-serving) affidavit from Advocate Berry. (DE 40.) At the time, the Government added a footnote that the Improved Warrant and accompanying affidavit would be submitted through diplomatic channels. (*Id.* at 2 n.3.) But that had not occurred at the time the Government filed its reply and the evidence the Government presented was not only newly raised for the first time in reply, but inadmissible as uncertified. The Government's briefing was also devoid of any indication about when it first learned of the Improved Warrant or sought the affidavit from Advocate Berry. Certainly, the facial invalidity of the Original Warrant was not only plain to all parties at the time the initial extradition package was submitted, but also actually known by South African authorities.

On March 25, 2022, in light of the Government's improper submission of new purported evidence in a Reply, Mr. Spagni sought the Court's leave to file a sur-reply. (DE 41.) Interestingly, on the same day Mr. Spagni sought leave to file his sur-reply, South Africa submitted additional materials to the United States via diplomatic process. (DE 49-1 at 1-3.) These materials included the previously uncertified Improved Warrant and self-serving Affidavit of Advocate Berry that the Government had previously submitted to the Court in its reply. (DE 49-1.) The Court granted Mr. Spagni's request on March 29, 2022. (DE 42). The Government, via the U.S. Attorney's Office for the Middle District of Tennessee, received the additional materials on or around April 1, 2022.[1]

The Government neither immediately filed these materials with the Court nor did it forward the materials to Mr. Spagni's counsel for review upon receipt. The latter could have permitted Mr. Spagni to address the materials in his sur-reply. Rather, the Government held on to the materials until after Mr. Spagni submitted his sur-reply on May 5, 2022, (DE 47), and then filed the newly-

[1] This date was confirmed by the Government in written communications between the parties.

certified materials as a Notice of Filing Supplemental Submission the next day, May 6, 2022. (DE 49.)

## **Argument**

- **The Government's Supplemental Submission Violates Due Process Protections**

While the due process protections afforded to those in extradition proceedings are different in kind than those in criminal proceedings, they still exist to protect the fundamental fairness of the process and prohibit the sort of gamesmanship that the Government has played here. *See, e.g.*, *Atuar v. United States*, 156 F. App'x 555, 562 (4th Cir. 2005); *Grin v. Shine*, 187 U.S. 181, 184, 23 S.Ct. 98, 99, 47 L.Ed. 130 (1902); *Caltagirone v. Grant*, 629 F.2d 739, 748 fn. 19 (2d Cir.1980); *Rosado v. Civiletti*, 621 F.2d 1179, 1195 (2nd Cir.1980); *Matter of Burt*, 737 F.2d 1477, 1483–84 (7th Cir. 1984).

As is clear from the timeline above, since at least September 2021, South Africa has had actual knowledge of the fatal flaws in its extradition packet. And the Government should have been aware of these flaws from the moment it received this extradition packet. Yet, South Africa delayed the presentation of this evidence through the diplomatic process until after Mr. Spagni successfully attacked South Africa's woefully deficient extradition packet (upon which he was detained in prison, during the COVID-19 pandemic, for 60 days).[2] Further, the Government did not present this evidence at all initially. It was not until *after* Mr. Spagni presented his opposition, which laid bare the fatal flaws in South Africa's extradition packet, that the Government presented the Improved Warrant—*new evidence*—in its reply. This submission, however, was also fatally

[2] The Government, in fact, sought to keep Mr. Spagni imprisoned for longer than 60 days while it prepared its case, a request that the Court denied. (DE 23, 24.)

flawed in that it was uncertified and, thus, inadmissible, as outlined in Mr. Spagni's sur-reply. (*See* DE 47.)

The Government had by then received a certified copy of the Improved Warrant on April 1, 2022; however, it kept this information from both the Court and Mr. Spagni's counsel for over a month and did not file it until the day after Mr. Spagni filed his sur-reply, or May 6, 2022. (DE 49.) There is no word to describe what the Government did here other than sandbagging. Mr. Spagni, like every litigant before the Court, is entitled to due process of law and fundamental fairness. The Government has fallen well short of that mark here, and the Court should thus strike the Government's supplemental submission of purported evidence.

- **The Government's <u>Supplemental</u> Submission Violates the Court's Scheduling Order**

In addition to the weighty due process and fundamental fairness concerns, the Government's tardy submission can and should be stricken because it was not submitted in compliance with the Court's scheduling order. (DE 30.) Courts are empowered to make scheduling orders to ensure a fair and orderly process. (*Birge v. Dollar Gen. Corp*., No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006); *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240 (E.D. Ky. 2018).) "A scheduling order maintains orderly proceedings and is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril.'"(*Id*.) When parties disregard or fail to comply with those orders, courts are empowered to take corrective actions, including striking documents and/or excluding evidence. (*Id.*)

In the present matter, the Government has submitted evidence via its latest filing well outside the confines of the Court's scheduling order (and after keeping it from both the Court and Mr. Spagni's counsel for over a month). The Government should have sought the Court's leave to

file the submission. Mr. Spagni requests that the Court exercise its discretion and strike the improperly filed materials on this separate basis.

**Conclusion**

For the reasons outlined above, Mr. Spagni respectfully requests that this Court grant this motion and issue an order striking the Government's supplemental submission and not permit it to make any other belated submissions (whether in the form of purported new evidence or argument) before or during the upcoming extradition hearing. Exclusion is the appropriate remedy for the most-recent late submission because a deterrent effect is necessary to prevent the Government's use and late filing of documents created by South Africa in an untimely manner used to attempt to extradite Mr. Spagni.

**Respectfully submitted,**

***_/s/ Jonathan P. Farmer***
Jonathan P. Farmer (BPR 020749)
511 Union Street, Suite 1000
Nashville, TN 37219
(P) 615-238-6300
jfarmer@spencerfane.com

***_/s/ Brian E. Klein***
Brian E. Klein*
Melissa A. Meister*
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, CA 90071
(P) 424-652-7800
bklein@waymakerlaw.com
mmeister@waymakerlaw.com
*(*Admitted Pro Hac Vice)*

*Counsel for Riccardo Spagni*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a Notice of Electronic Filing to all attorneys of record.

_*/s/ Jonathan Farmer*
Jonathan Farmer