IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In The Matter of the Extradition ) | |
| ) | |
| of Riccardo Paolo Spagni a/k/a ) | No. 3:21-mj-04149-1 |
| ) | Magistrate Judge Alistair E. Newbern |
| Ricardo Paolo Spagni ) | |

## GOVERNMENT'S RESPONSE TO MOTION TO STRIKE

COMES NOW the United States of America, by and through the undersigned Assistant U.S. Attorney, and hereby respectfully submits this brief Response to the Motion to Strike (DE# 51). For the reasons that follow, the Motion is due to be denied.

### I. THE GOVERNMENT'S SUPPLEMENTAL FILINGS ARE PROPERLY SUBMITTED.

Contrary to Spagni's assertions, it is entirely proper for the government to submit supplemental materials that the requesting state has provided in further support of extradition. As an initial matter, 18 U.S.C. Section 3184 contemplates that the court will consider the requesting state's evidence at the extradition hearing, and not before: "If, *on such hearing*, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty . . . , he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State. . ." (Emphasis added).

Further, in this case, South Africa provided supplemental materials in response to arguments Spagni made for the first time in his Opposition to Government's Request for Certification of Extradition (DE#37). In his opposition brief, Spagni asserted that South Africa's request for his extradition failed to satisfy the legal requirements of probable cause and dual

criminality because the warrant South Africa had included referred to a fraud "on or about the 27th day of AUGUST 2012." (*Id.* at PageID#508, 511). The Government subsequently replied and attached the Affidavit of Senior State Advocate Tillette Suzan Berry and the Amplified Warrant of arrest and Annexure. (DE#40).

Indeed, extradition courts routinely consider supplemental submissions from the requesting state responding to arguments the fugitive has raised in opposition to certification of extraditability. *See, e.g.*, *In re Extradition of Al-Nouri*, No. MJ-20-08033-PHX-MTM, 2022 WL 993781, at *12 (D. Ariz. Apr. 1, 2022) (relying on supplemental submission from Iraq containing statement from Iraqi judge responding to arguments concerning Iraqi law that fugitive had raised in his brief opposing certification of extraditability); Order, *In re Extradition of Parker*, No. 1:19-mj-3261, DE# 13 (N.D. Ohio Jan. 21, 2020) (relying on supplemental submission from United Kingdom containing amended certificate of conviction, which government submitted with post-hearing briefing responding to fugitive's assertion that extradition request was internally inconsistent concerning extent of foreign conviction); *In re Extradition of Risner*, No. 3:18-MJ-765-BN, 2019 WL 6118377, at *13 (N.D. Tex. Nov. 18, 2019) (admitting into evidence Exhibit 4, a supplemental declaration enclosing additional materials from Colombia, which government had filed to respond to fugitive's assertion that extradition treaty was invalid); *In re Extradition of Martinelli Berrocal*, No. 17-22197-CIV, 2017 WL 3776953, at *31-34 & notes 22, 29 (S.D. Fla. Aug. 31, 2017) (relying on supplemental submission from Panama containing affidavit from Panamanian judge responding to arguments concerning Panama's evidence and law that fugitive had raised in his brief opposing certification).

Upon receipt of the Government's Reply, Spagni filed on March 25, 2022 a Motion for Leave to File a Sur-Reply and to Continue Hearing Date (DE#41). Spagni claimed, in part, that

2

Case 3:21-mj-04149 Document 53 Filed 05/20/22 Page 2 of 6 PageID #: 592

the Affidavit of Senior State Advocate Tillette Suzan Berry and the Amplified Warrant of arrest and Annexure should not be "appropriate in a reply brief;" and Spagni requested additional time to investigate and respond to the Government's Reply. (*Id*. at PageID#543). Caselaw, however, reveals that courts *have* considered, on the government's reply or later, supplementation from the requesting state, including supplementation containing a replacement warrant: See Order, *In re Extradition of Machuca Hernandez*, No. 2:21-MJ-486, at 4, 7, 15-17 (E.D. Wash. Apr. 27, 2022) (admitting and relying on supplemental submission from Mexico containing replacement warrant and prosecutor's statement responding to fugitive's assertion in his sur-reply that extradition request failed to satisfy treaty's warrant requirement); *Howard v. Tillerson*, No. 217CV01977JADGWF, 2018 WL 1073389, at *3 (D. Nev. Feb. 26, 2018) (relying on supplemental submission from Mexico containing replacement warrant that issued during extradition proceeding responding to fugitive's argument that extradition request failed to satisfy treaty's requirement to provide copy of warrant) ("Gamboa Howard points to no portion of the Mexico-U.S. treaty or binding authority that precludes Mexico from supplementing its extradition request or the magistrate judge from considering such a supplement in deciding whether adequate grounds exist to extradite a fugitive.").

Moreover, Spagni has suffered no prejudice. On May 5, 2022, Spagni filed his Sur-Reply (DE#47) and presented arguments that the supplemental submission was not certified. The Government promptly provided the certified supplemental submission the following day in the Notice of Filing (DE#49). Spagni then alleged in his Motion to Strike "gamesmanship" and "sandbagging" on the part of the United States. (DE#51, PageID#586-587). That is certainly not the case; and there is no prejudice. First, upon information and belief, Spagni was already familiar with the September 2021 warrant in amplification and, in fact, filed an unsuccessful

3

motion back in December, 2021 in the High Court of South Africa challenging it. Second, the Government's Reply (DE#40) filed on March 11, 2022 provided Spagni the substance of South Africa's supplement. Third, Spagni concedes that within the Government's Reply, the United States wrote in footnote #3 that, "South Africa has advised that it will submit the hard copy original affidavit via the diplomatic channel." (*Id*. at PageID#530). Consequently, Spagni was put on notice that the certified document was forthcoming. Fourth, Spagni had the opportunity to file a Sur-Reply and continue the extradition hearing; and the United States did not oppose that request. Fifth, the United States promptly filed the Notice subsequent to Spagni's Sur-Reply. Sixth, Spagni received the certified supplement on May 6, 2022 - nearly three weeks before the currently-scheduled May 25, 2022 extradition hearing. Seventh, Spagni fails to assert in his Motion to Strike any challenge he would have raised in his Sur-Reply, or currently has, to the certification of South Africa's supplemental submission. In sum, Spagni's accusations of "gamesmanship" and "sandbagging" are unfounded. There has been no violation of a Court Order; and as previously stated in prior briefing, the Federal Rules of Criminal Procedure do not apply to extradition proceedings. Accordingly, Spagni's request for a most onerous sanction – striking the submission – is without merit and is, therefore, due to be denied.

## II. THE GOVERNMENT'S SUPPLEMENTAL SUBMISSION DOES NOT VIOLATE DUE PROCESS PROTECTIONS.

In this case, Spagni has received all due process to which he is entitled. While a fugitive has certain due process rights in an extradition proceeding, those rights are highly circumscribed, as extradition proceedings do not involve a determination of guilt or innocence. *See Neely v. Henkel*, 180 U.S. 109, 122, 21 S. Ct. 302 (1901); *Jhirad v. Ferrandina*, 536 F.2d 478, 482 (2nd

4

Ct. 1976); *Atuar v. United States*, 156 F. App'x 555, 562 (4th Cir. 2005). In terms of the due process requirements triggered at an extradition proceeding, a fugitive is entitled to the guarantees of 18 U.S.C. § 3184, namely, "notice in the form of a 'complaint . . .' as well as a hearing at which 'evidence of criminality may be heard and considered.'" *In re Extradition of McMullen*, 989 F.2d 603, 612 (2d Cir. 1993) ("Before [a] determination [regarding surrender] is made, [a fugitive] is entitled to the due process protections of an extradition proceeding, including notice in the form of a 'complaint . . .' as well as a hearing at which 'evidence of criminality may be heard and considered.'") (quoting 18 U.S.C. § 3184); *see also Escobedo v. United States*, 623 F.2d 1098, 1105 (5th Cir. 1980) (stating that "[t]hese statutory provisions [set forth in 18 U.S.C. § 3184] safeguard the fugitive's due process rights"). The full panoply of due process rights available to criminal defendants is not available to fugitives because an extradition proceeding culminates in a "surrender" to the foreign government, rather than in criminal punishment of any sort. *Id*. In this case, there is no dispute that Spagni's arrest for purposes of extradition was obtained by way of complaint, or that an extradition hearing will be held before an Extradition Magistrate, as provided under 18 U.S.C. § 3184. Accordingly, Spagni has been, and continues to be, provided all the due process to which he is entitled, with the additional benefit of having counsel to represent him at the hearing.

## CONCLUSION

Spagni's Motion to Strike Government Filing (Docket Entry 49) is due to be denied.

Respectfully submitted,

**MARK H. WILDASIN**
United States Attorney for the
Middle District of Tennessee

*/s/Joseph P. Montminy*
JOSEPH P. MONTINY
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203-6940
Telephone: 615-736-5151

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I electronically served one copy of the response with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to all attorneys of record.

*/s/Joseph P. Montminy*
JOSEPH P. MONTINY
Assistant United States Attorney
719 Church Street - Suite 3300
Nashville, Tennessee 37203-6940
Telephone: 615-736-5151